UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SA CV 19-00457-DOC (JDE)                           Date: June 13, 2019

Title: THE SCHWARTZ E LIQUID v. OMW TECHNOLOGIES INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO TRANSFER [15, 16]

Before the Court is Defendant OMW Technologies Inc.'s ("OMW" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer ("Motion") (Dkt. 15, Dkt. 16). The Court finds these matters appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss.

I.  Background

   A.  Facts

The following facts are drawn from Plaintiff The Schwartz E. Liquid's ("Plaintiff") Complaint ("Complaint") (Dkt. 1).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0457-DOC (JDE)             Date: June 13, 2019

Plaintiff is a California corporation with its principal place of business in Garden Grove, CA. Compl. ¶ 11. Defendant OMW is a Florida corporation with its principal place of business in Boca Raton, FL. *Id.* ¶ 12.

Plaintiff creates and sells unique flavors of e-liquid used for e-cigarettes and vaping, including Plaintiff's e-liquids sold under their NAKED 100 Marks. *Id.* ¶ 14. Plaintiff owns a federal trademark registration with the U.S. Patent and Trademark Office ("USPTO") for the "NKD100" mark on their products, registered since on or about January 30, 2018. *Id.* ¶ 15. Plaintiff also owns an application to obtain a federal trademark for "NAKED 100." *Id.* ¶ 17. Plaintiff references both the registered mark and the mark application as the "NAKED 100 Marks." ¶ 19. Plaintiff has sold a substantial amount of its e-liquid products and spent a substantial amount of money marketing and promoting the products, therefore Plaintiff's NAKED 100 Marks have become well-known throughout the United States. *Id.* ¶¶ 20–21. Defendant markets and sells cannabidiol ("CBD") oil under the NAKED CBD Mark. *Id.* ¶ 22. Defendant uses the NAKED CBD Mark to promote their business and goods by displaying NAKED CBD Mark on their website, social media accounts, and product packaging.

Plaintiff's NKD 100 Registration has a first use-in-commerce date of at least as early as August 8, 2016. *Id.* ¶ 15. Plaintiff's NAKED 100 Application was approved by the USPTO on or about October 26, 2016, and despite its inadvertent filing on an "intent to use basis", Plaintiff has used the NAKED 100 mark since at least as early as January 5, 2016. *Id.* ¶18.

On or about March 7, 2018, Defendant filed a trademark application for "NAKED CBD" with the USPTO, alleging a first use-in-commerce for that mark of November 1, 2017, long after Plaintiff adopted and began using the NAKED 100 Marks. *Id.* ¶ 25.

Defendant uses the NAKED CBD Mark in the advertising, offer for sale, and sale of CBD oil that is likely to be confused with Plaintiff's e-liquids. *Id.* ¶ 27. Defendant advertises and packages their goods using marks that are confusingly similar to Plaintiff's NAKED 100 Marks. *Id.* ¶ 28. Plaintiff has not authorized or consented to Defendant's use of the NAKED 100 Marks or marks confusingly similar to the NAKED 100 Marks. *Id.* ¶ 30. Defendant's actions created a likelihood of confusion to the consumer and diminished the value of Plaintiff's marks. *Id.* ¶¶ 29, 31. Plaintiff alleges Defendant's actions constitute willful and intentional infringement of their marks. *Id.* ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0457-DOC (JDE)                                             Date: June 13, 2019
                                                                                                                  Page 3

    **B.**     **Procedural History**

Plaintiff filed the Complaint on March 7, 2019 (Dkt. 1). Plaintiff brings four claims against Defendant: (1) Federal Trademark Infringement; (2) False Designation of Origin and Unfair Competition; (3) Unfair Business Practices; and (4) Common Law Unfair Competition and Trademark Infringement.

Defendant filed the instant Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer on May 8, 2019 ("Motion") (Dkt. 15). On May 20, 2018, Plaintiff filed its Opposition ("Opposition") (Dkt. 22) Defendant replied ("Reply") (Dkt. 23) on May 28, 2019.

**II.**     **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Since California's long-arm statute is coextensive with federal due process requirements, the personal jurisdiction analysis under state and federal law are the same. *See* Cal. Civ. Proc. Code § 410.10; *see also Roth v. Garvia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either "specific or case-linked jurisdiction" or "general or all-purpose jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Courts may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Plaintiff bears the burden of showing that the court has personal jurisdiction over Defendants. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "[T]his demonstration requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quotations omitted). "[T]he court resolves all disputed facts in favor of the plaintiff. . . ." *Id.* (quotations omitted). "The plaintiff cannot simply rest on the bare allegations of its complaint, but *uncontroverted* allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotations omitted) (emphasis added).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0457-DOC (JDE)                                  Date: June 13, 2019
                                                                                                           Page 4

### III. Discussion

Defendants move to dismiss the Complaint for lack of personal jurisdiction, or in the alternative, to transfer this action to the Southern District of Florida. *See generally* Mot.

### A. Personal Jurisdiction

Defendant argues that this Court does not have personal jurisdiction because Defendant is not subject to general jurisdiction or specific jurisdiction in the State of California. *See generally* Mot. Plaintiff does not appear to oppose Defendant's contention that Defendant is not subject to general jurisdiction in California, and instead, Plaintiff argues that the Court has specific jurisdiction over OMW. Opp'n. at 4–12. The Court thus focuses on whether it has specific jurisdiction over OMW.

#### 1. Specific Jurisdiction

Defendant argues that he is not subject to specific jurisdiction in California based on the Ninth Circuit's three-part test for sufficient contacts. Mot. at 16. Plaintiff counters that Defendant meets all three specific jurisdiction factors. Opp'n at 4–5.

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). The Ninth Circuit has established a three-pronged test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0457-DOC (JDE)            Date: June 13, 2019
           Page 5

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (2004) (citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)). If the Plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Id.*

The Court addresses begins by assessing whether Defendant OMW purposefully availed itself of California law by conducting its activities in the state.

### a. Purposeful Availment

Plaintiff's Complaint alleges that Defendants used their interactive website and social media pages to purposefully direct business activities towards California consumers by entering into sales contracts with California residents, directing online advertising toward California residents, and calculating and collecting California sales tax from sales to California residents. Compl. ¶¶ 5–10. Defendant argues that Plaintiff cannot establish purposeful direction because Plaintiff failed to show Defendant expressly aimed its actions or conduct at the State of California or its residents; instead, Defendant's conduct, as alleged in the Complaint, consists only of a general internet presence and minimal sales to California individuals. Mot. at 17. Plaintiff counters that Defendant expressly aimed activities at California because its website and infringing products are directed to appeal to California given the legalization of cannabis in the state. Opp'n at 7.

The Ninth Circuit "has endorsed two tests for determining whether an out-of-state web site operator's activities amount to purposeful availment of the forum state rendering the exercising of personal jurisdiction over the out-of-state web site operate constitutional permissible: 1) the sliding scale approach," and "2) the effects test." *Northwest Healthcare Alliance Inc. v. Healthgrades.Com., Inc.*, 50 Fed. Appx. 339, 341 (9th Cir. 2002). Under the sliding scale approach, a court considers "a broad spectrum of Internet use on the one hand, and contacts with the forum on the other." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997). A court will not determine that a defendant purposefully availed itself of the forum under the sliding scale where the defendant did not specifically conduct

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0457-DOC (JDE)                                                Date: June 13, 2019

                                                                                                                                            Page 6

commercial activity in that state, and instead merely possible passive pages on the internet that are available to consumers in all state. *Cybersell*, 130 F.3d at 417.

      For a court to find that a defendant purposefully availed itself of the forum state under the effects test derived from *Calder v. Jones*, 465 U.S. 783 (1984), a plaintiff must allege that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fed Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104 (9th Cir. 2002)). "In applying this test, we must 'look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore,* 134 S.Ct. 1115, 1122 (2014)). The 'express aiming' analysis depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue." *Schwarzenegger*, 374 F.3d at 807. It "requires 'something more' than 'a foreign act with foreseeable effects in the forum state.'" *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d 1088 (S.D. Cal. 2018) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

      Here, Plaintiff's allegations fail to demonstrate that Defendant purposefully availed itself of California law under the sliding scale or effects test, as Defendant's activities do not appear targeted or expressly aimed at California consumers. As Defendant argues, Defendant's the alleged tortious conduct consists of a general internet presence and corresponding minimal sales to California individuals, and none of these activities specifically pertain to California itself. Mot. at 17. Plaintiff counters that OMW has purposefully directed its activities to California by marketing its product through its website and social media pages, resulting in the sale of at least 2.4% of Defendant's CBD oil products to California residents. Opp'n at 6. Plaintiff additionally argues that Defendant expressly aimed its activity at California because Defendant's cannabidiol products, such as NAKED CBD, are appealing to a California market that embraces cannabis and CBD. *Id.* at 7. However, the fact that a product may be incidentally appealing to consumers of a particular state, due to the laws of that state, does not bear on a defendant company's behavior in marketing that product so long as the defendant does not primarily or solely market the product to this state. Plaintiff does not sufficiently allege that any of Defendant's intentional acts – the marketing and sale of NAKED CBD products – specifically targeted California or its residents other than by the general appeal of Defendant's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-0457-DOC (JDE) | Date: June 13, 2019 |
| | Page 7 |

products. Moreover, the Plaintiff has not alleged that Defendant's conduct in selling products online throughout the country constituted "'something more' than 'a foreign act with foreseeable effects'" in California. *San Diego Cty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d at 1088. Therefore, Plaintiff fails to establish that Defendant's conduct was expressly aimed at the forum state.

Plaintiff has not shown that Defendant purposefully directed his conduct at California. Accordingly, Plaintiff has not met its burden of showing Defendant purposefully availed itself of the forum state. As Plaintiff has not met its burden of establishing the first element of personal jurisdiction, purposeful availment, the inquiry ends there, and the Court cannot exercise specific jurisdiction over Defendant. *See Pebble Beach Co.*, 453 F.3d at 1155 (holding that if a plaintiff cannot meet the first prong, the Court need not address the two remaining prongs). The Court can exercise neither specific nor general jurisdiction over Defendant, and the Court lacks personal jurisdiction over Defendant OMW. The Court thus GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss. Plaintiff may re-file the Complaint in the proper district, in accordance with personal jurisdiction.

## IV. Disposition

The Court thus GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss. Plaintiff may re-file the Complaint in the proper district, in accordance with personal jurisdiction.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk: djl